GREGORY L. KIRAKOSIAN  (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
CHASE DEHART

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE DEHART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF COLTON, a public entity; and DOE OFFICERS 1 - 10,<br><br>Defendants. | **CASE NO.: 5:24-cv-2115**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Seizure in Violation of 42 U.S.C. § 1983;<br>2. Unlawful Search in Violation of 42 U.S.C. § 1983;<br>3. Excessive Force in Violation of 42 U.S.C. § 1983;<br>4. Violation of the Americans with Disabilities Act 42 U.S.C. § 12132;<br>5. Battery;<br>6. Negligence;<br>7. False Arrest / Imprisonment; and<br>8. Violation of California Civil Rights Act;<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff CHASE DEHART ("Plaintiff") hereby files this Complaint for Damages and Demand for Jury Trial against Defendants CITY OF COLTON and DOE OFFICERS 1 - 10 (collectively "Defendants"). This Complaint seeks compensatory and punitive damages against Defendants in connection to an Unlawful Search and Seizure of Plaintiff's person without probable cause and with excessive force that occurred on January 03, 2024, in the City of Colton, in the County of San Bernardino.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff's claims arise under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

3. This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

## PARTIES

5. At all relevant times, Plaintiff CHASE DERHART was an individual residing in the County of San Bernardino, California.

6. At all relevant times, Defendants DOE OFFICERS 1 - 10, were individuals residing in the County of San Bernardino, California. At all relevant times, Defendants were acting under the color of law within the course and scope of their employment and duties as agents for Defendant City of Colton. At all relevant times, Defendants were acting with the complete authority and ratification of their principal, Defendant City of

- 2 -
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Colton. Defendant City of Colton is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

7. At all relevant times, Defendant City of Colton is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. City of Colton is a chartered subdivision of the State of California with the capacity to be sued. City of Colton is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees. At all relevant times, Defendant City of Colton was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California. Defendant City of Colton was timely served with a claim for damages on or about July 1, 2024 pursuant to California Government Code §§ 910 and 911, *et seq.* The claim for damages was deemed rejected on or about August 16, 2024. In accordance with Government Code § 945.6, Plaintiff filed this complaint within six months of the date of that rejection.

8. The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 10 are unknown to Plaintiff at this time and therefore Plaintiffs file this Complaint against said DOE Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

9. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

10. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, all Defendants, including DOE Defendants, are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

11. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

12. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. On January 3, 2024, at approximately 2:30 p.m., Plaintiff was at or around 1603 W. Valley Blvd., Colton, California 92324, when he began to suffer from a panic attack. At that time, Plaintiff noticed an officer and flagged down the officer for assistance. Rather than providing any assistance, DOE OFFICERS promptly seized Plaintiff's person with the use of extreme and excessive force, by grabbing, slamming,

and hitting Plaintiff with such force that it caused him to suffer multiple injuries, a bloody face, and multiple broken teeth. Neither the detention, seizure, search, nor methods used were legal, justifiable, or based on any reasonable or probable cause. Ultimately, Defendants took Plaintiff to the hospital to treat for the injuries they caused him to suffer without any citations, warnings, or charges.

14. As alleged herein, on January 03, 2024, the Individual Officers searched and seized the Plaintiff's person with the use of excessive and unreasonable force.

15. The use of force was excessive and unreasonable, given that Plaintiff did not pose an immediate threat of severe bodily injury or death to any person and was not committing or about to commit any crimes.

16. No serious or violent crime was being responded to, and less intrusive alternatives were available.

17. Further, the Individual Officers knew that Plaintiff was suffering from a mental health crisis, but they did not take that into account when they chose to escalate the situation by using force upon Plaintiff.

18. Individual Officers had numerous options to reasonably accommodate Plaintiff's condition and mental health crisis, including but not limited to the following:

   a. Requesting the assistance of a mental health professional to assist or provide immediate consultation;
   b. Employing de-escalation techniques such as calm communication, active listening, and non-threatening body language;
   c. Implementing time and distance strategies to create physical space and allow more time for the situation to de-escalate;
   d. Following clear, empathetic communication protocols designed for interacting with individuals in crisis;
   e. Refraining from using physical force or aggressive behavior, which can escalate tensions and exacerbate the mental health crisis of an individual.

19. The Individual Officers violated Plaintiff's civil rights by using excessive

force when they violently, needlessly, and recklessly escalated an encounter into one with the use of extreme physical force. Specifically, Defendants searched and seized Plaintiff with the use of extreme force and then immediately cuffed him and placed him under arrest.

20. Based on the facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that the force used was reasonable, as Plaintiff posed no immediate threat of death or serious bodily injury and violated no laws. No objective facts readily available and known to the Individual Officers could have reasonably led the Individual Officers to conclude that the use of force and arrest of Plaintiff was reasonable. Further, the Individual Officers actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

21. By means of force and a show of authority, the Individual Officers commanded and ordered that the Plaintiff refrain from moving and/or leaving the location of the interaction.

22. At all relevant times, the encounter was not a consensual encounter, seizure, or search and Plaintiff were not at liberty to ignore the police presence and go about Plaintiff's business.

23. At all relevant times before the Individual Officers conducted the search and seizure, the Individual Officers did not have a warrant to conduct the search and seizure.

24. At all relevant times before and at the time the Individual Officers conducted the search and seizure, the Individual Officers did not have the express consent of Plaintiff to conduct the search and seizure.

25. At all relevant times before, during, and after the Individual Officers conducted the search and seizure, the Individual Officers did not state any reason or basis as to why the search, seizure, and excessive force was needed, necessary, reasonable, or lawful.

26. At all relevant times before the Individual Officers conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime.

27. At all relevant times before the Individual Officers conducted the seizure, the Plaintiff had not been arrested and was not subject to a lawful arrest.

28. At all relevant times before and at the time the Individual Officers conducted the seizure, there was no lawful basis that would justify the scope or length of the search, seizure, and excessive force.

29. At all relevant times before and at the time the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to believe that Plaintiff might gain possession of a weapon.

30. At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that Plaintiff might destroy or hide evidence.

31. At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

32. When conducting the search and seizure, the Individual Officers violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth and Fourteenth Amendment to the United States Constitution.

33. The Individual Officers conducted the seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

34. Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

35. Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the search was reasonable or lawful under the circumstances.

36. Further, Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

37. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's civil rights.

38. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

39. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

## FIRST CLAIM FOR RELIEF

## Unlawful Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Defendants and DOES 1 - 10*)

40. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41. As described herein, the Individual Officers seized Plaintiff's person, did so intentionally, and unreasonably.

42. As described above, the Individual Officers did not have a warrant, did not have the consent, and did not have any lawful or just cause to stop, seize, search, or arrest Plaintiff.

43. The conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed under the Fourth Amendment to the Constitution.

44. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

civil rights.

45. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful siezure, or because they failed to intervene to prevent these violations.

46. Due to the conduct of the Individual Officers, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

47. The Individual Officers acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, the Individual Officers manifested a reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Unlawful Search in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Defendants and DOES 1 - 10*)

48. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49. As described herein, the Individual Officers searched Plaintiff's person, did so intentionally, and unreasonably.

50. As described above, the Individual Officers did not have a warrant, did not have the consent, and did not have any lawful or just cause to stop, seize, search, or arrest Plaintiff.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

51. The conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed under the Fourth Amendment to the Constitution.

52. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's civil rights.

53. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful search, or because they failed to intervene to prevent these violations.

54. Due to the conduct of the Individual Officers, and each of them, Plaintiff have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

55. The Individual Officers acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, the Individual Officers manifested a reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

### THIRD CLAIM FOR RELIEF

**Unreasonable Seizure — Excessive Force (42 U.S.C. § 1983)**

(*Plaintiff Against All Individual Defendants and DOES 1 - 10*)

56. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57. As described herein, the Individual Officers violated Plaintiff's civil rights by using excessive force when they violently, needlessly, and recklessly escalated an

encounter into one with the use of extreme physical force.

58. The foregoing conduct was without justification or probable cause. Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under the Fourth and Fourteenth Amendment.

59. As a result of the foregoing, Plaintiff suffered a bloody face and several missing teeth, resulting in his hospitalization, extreme physical pain and suffering and extreme emotional distress. Plaintiff continues to suffer from extreme physical and emotional distress to date.

60. Based on the facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that the conduct of each other Defendant was lawful or justified.

61. The conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed under the Fourth Amendment to the Constitution.

62. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's civil rights.

63. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful search, or because they failed to intervene to prevent these violations.

64. Due to the conduct of the Individual Officers, and each of them, Plaintiff have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

65. The Individual Officers acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally

causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, the Individual Officers manifested a reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## FOURTH CLAIM FOR RELIEF

### Failure to Prevent Violation in Violation of 42 U.S.C. § 1983

(*Plaintiff Against the City of Colton*)

66. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

67. As described herein, the Individual Officers violated Plaintiff's civil rights.

68. At all relevant times, Plaintiff was a "qualified individual," with a mental impairment, that substantially limited his ability to care for himself and control his mental health condition as defined under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 (2).

69. The City of Colton is a covered entity for purposes of enforcement of the ADA, 42 U.S.C. §12131 (2), as explained by regulations under these laws.

70. The City of Colton is mandated under the ADA not to discriminate against any qualified individual on the basis of disability in any services or facilities. 42 U.S.C. §12182 (a).

71. Under the ADA, the City of Colton is mandated to develop effective procedures for interactions with individuals with mental disabilities and to ensure the protection of their personal and civil rights.

72. At all relevant times, the Individual Officers knew that Plaintiff was experiencing a mental health crisis and was in fact simply requesting help for his condition and mental health crisis.

73. As described above, the Individual Officers had numerous options to reasonably accommodate Plaintiff's condition.

74. The City of Colton and its agents violated the ADA by: failing to properly train its police officers to respond and interact peacefully with individuals suffering from a mental health crisis, such as Plaintiff; failing to follow procedures for de-escalation and non-excessive force in interactions with Plaintiff, who was experiencing a mental health crisis; and failing to utilize any of the above mentioned reasonable accommodations.

75. As a result of the acts and omissions of the City of Colton and its agents, the Individual Officers, Plaintiff suffered harm as discussed herein.

## FIFTH CLAIM FOR RELIEF

### False Arrest / False Imprisonment

(*Plaintiff Against All Defendants*)

76. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

77. As described herein, the Individual Officers seized Plaintiff's person, did so intentionally, and unreasonably.

78. As described above, the Individual Officers did not have a warrant, did not have the consent, and did not have any lawful or just cause to stop, seize, search, or arrest Plaintiff.

79. The conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed under the Fourth Amendment to the Constitution.

80. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's civil rights.

81. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful seizure, or because they failed to intervene to prevent these violations.

82. Defendant City of Colton is vicariously liable for the wrongful acts of the Individual Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, the Individual Officers manifested a reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## SIXTH CLAIM FOR RELIEF

### Assault / Battery

(*Plaintiff Against All Defendants*)

84. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85. The Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff.

86. As described herein, the Individual Officers used excessive force when they violently, needlessly, and recklessly escalated an encounter into one with the use of extreme physical force.

87. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, that Defendants' conduct was committed with the

intent to cause Plaintiff a harmful and offensive contact or with reckless disregard to the probability that Plaintiff would suffer physical and emotional harm.

88. Defendants had no legal justification for using force against Plaintiff, and use of force while carrying out their duties as a police officer was an unreasonable and nonprivileged use of force.

89. The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that the Individual Officers conduct posed a significant risk of harm to Plaintiff.

90. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's civil rights.

91. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful seizure, or because they failed to intervene to prevent these violations.

92. Defendant City of Colton is vicariously liable for the wrongful acts of the Individual Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, the Individual Officers manifested a reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## SEVENTH CLAIM FOR RELIEF

### Negligence

(*Plaintiff Against All Defendants*)

94. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

95. The Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff.

96. As described herein, the Individual Officers breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required.

97. The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that the Individual Officers conduct posed a significant risk of harm to Plaintiff.

98. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's civil rights.

99. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful seizure, or because they failed to intervene to prevent these violations.

100. Defendant City of Colton is vicariously liable for the wrongful acts of the Individual Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

# EIGHTH CLAIM FOR RELIEF

## Violation of California Civil Rights Act (Bane Act)

(*Plaintiff Against All Defendants*)

101. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

102. Section §§51 and 52, et seq., protects individuals from violence, threats of violence, or interference with an individual's rights.

103. "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restrain or harm, from personal insult, from defamation, and from injury to her personal relations." Cal. Civ. Code § 42. Moreover, §§51 and 52, et seq., protect individuals from discrimination on the basis of the individuals race and further prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

104. Cal.Civ.Code § 51, commonly known as the Unruh Civil Rights Act, provides in relevant part: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

105. Cal.Civ.Code § 52 of the Unruh Civil Rights Act provides in relevant part: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less

than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

106. Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: (1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages. (2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice. (3) Attorney's fees as may be determined by the court."

107. Here, the Individual Officers improperly cuffed, grabbed, pulled, and punched Plaintiff, as alleged herein, and violated Plaintiff's rights of protection from bodily restraint and harm.

108. Section 52(a) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who discriminate against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status as being actual damages suffered, plus an award of up to three times actual damages, but in no case less than $1,000, plus attorney's fees pursuant to section 51.1(h).

109. Section 52(b) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who engage in violence against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

110. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's

civil rights.

111. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful seizure, or because they failed to intervene to prevent these violations.

112. Defendant City of Colton is vicariously liable for the wrongful acts of the Individual Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, the Individual Officers manifested a reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chase E. Dehart, prays for relief and judgment against all Defendants City of Colton and DOE Officers 1 - 10 as follows:

1. For past and future general damages in an amount to be determined by proof at trial;
2. For past and future special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages against the Individual Officers ;
4. For reasonable attorneys' fees and costs as provided by statute;
5. For all penalties as provided by statute;
6. For costs of suit incurred herein; and
7. For such other and further relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of action alleged in this Complaint for Damages.

Date: October 3, 2024

KIRAKOSIAN LAW, APC

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN

*Attorneys for Plaintiff,*
CHASE DEHART